Malcolm E. Beard Hillsborough County Sheriff Tampa
QUESTIONS:
1. Is a deputy sheriff an `authorized officer' for the purpose of using a facsimile signature within the purview of s. 116.34(2) and (3), F. S.?
2. If the answer to the first question is in the affirmative, is a juror's summons an `official order, proclamation or resolution' within the meaning of s. 116.34(3)(c), F. S., and may a deputy sheriff's facsimile signature be affixed on a juror's summons in conjunction with the printed name of the sheriff?
SUMMARY:
Deputy sheriffs are not `[a]uthorized officer[s]' for the purpose of using facsimile signatures within the purview of s. 116.34(2) and (3), F. S.
Your first question is answered in the negative; since your second question is conditioned on an affirmative answer to the first question, no response thereto is required.
Section 116.34(2)(d), F. S., defines an `[a]uthorized officer' to mean, inter alia, any official of the state's political subdivisions (which include counties, see s. 1.101(9), F. S.) `whose signature to a public security, instrument of conveyance or instrument of payment is required or permitted' by law. The several designated instruments are respectively defined in paragraphs (2)(a), (b), and (c) of s. 116.34.
I know of no general law requiring or permitting a deputy sheriff to issue or sign a public security, instrument of conveyance, or instrument of payment as those terms are defined in s. 116.34(2), F. S.
Under the authority of s. 116.34, F. S., only those officials designated in s. 116.34(2)(d) may execute or cause to be executed with a facsimile signature the several securities, instruments, official orders, proclamations, or resolutions enumerated in s.116.34(3), F. S. Parenthetically, it may be noted that s. 116.34
is a uniform law, see s. 116.34(6), F. S., which has to date been adopted by Florida and twenty other jurisdictions. The National Conference of Commissioners on Uniform State Laws gave as its reasons for drafting the Uniform Facsimile Signatures of Public Officials Act, and expressed the general purpose of said act, as follows:
 The National Conference of Commissioners on Uniform State Laws was requested some years ago through the Council of State Governments to draft a uniform act permitting the use of facsimile signatures by fiscal officers of the states on particularly large bond issues. . . . When this act came into the Conference, it was determined, as a matter of policy, that the act should be broadened in its scope to include not only the issuance of securities, such as bonds, by the states, permitting the use of facsimile signatures, but should also be broadened to cover checks, drafts, and warrants issued by the states as well as by all of the political subdivisions of the states, counties, school districts, cities, etc.; hence the present draft of the act is all inclusive and, if adopted, would permit the use of facsimile signatures by the various disbursing and fiscal officers of the governmental units and agencies involved. [Commissioners' Prefatory Note, Uniform Facsimile Signatures of Public Officials Act, 13 Uniform Laws Annotated 259-60 (master ed. 1975); emphasis supplied.]
There being no statutory authority for a deputy sheriff to issue or sign the aforementioned documents and instruments, it necessarily follows that a deputy sheriff may not do so. See,e.g., Lang v. Walker, 35 So. 78, 80 (Fla. 1903); AGO's 078-77, 078-46, 076-191, and 075-161. Therefore, deputy sheriffs are not `[a]uthorized officer[s]' for the purpose of using facsimile signatures within the purview of s. 116.34(2) and (3), F. S.
Prepared by: Dennis J. Wall, Assistant Attorney General